Kimberly HOWARD, an individual, Plaintiff,

v.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY a/k/a Hartford Life d/b/a The Hartford, a corporation, Defendant.

Case No. 3:10–cv–192–J–34TEM.

United States District Court, M.D. Florida, Jacksonville Division.

March 14, 2011.

Alicia Paulino–Grisham, Maggie M. Smith, DI Law Group, Hollywood, FL, for Plaintiff.

Jerel C. Dawson, William J. Gallwey, III, Shutts & Bowen, LLP, Miami, FL, for Defendant.

### ORDER

MARCIA MORALES HOWARD, District Judge.

**THIS CAUSE** is before the Court on Plaintiff's Motion to Defer Adjudication of Defendant's Motion for Summary Judgment, to Compel Defendant to Answer Plaintiff's Complaint, Renew Her Motion to Extend Pre–Trial and Trial Deadlines, and Request for Expedited Review (Doc. No. 44; Motion to Defer) filed on March 3, 2011. Defendant filed Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Defer Adjudication of Defendant's Motion for Summary Judgment, to Compel Defendant to Answer Plaintiff's Complaint, and Renew Her Motion to Extend Pretrial and Trial Deadlines (Doc.

No. 49; Response) on March 9, 2011. Accordingly, this matter is ripe for review.

### I. Procedural History

On March 3, 2010, Plaintiff filed a Complaint (Doc. No. 1) alleging that Defendant violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, by improperly denying her request for disability benefits pursuant to her employer's disability benefit plan. *See generally* Complaint. Thereafter, on April 15, 2010, Defendant filed Defendant's Motion to Dismiss Improper ERISA Claims with Memorandum of Law in Support Thereof (Doc. No. 6; Motion to Dismiss) in which it requests that the Court dismiss Plaintiff's claims for disgorgement and equitable distribution of profits. *See generally* Motion to Dismiss. At present, the Motion to Dismiss remains pending before the Court. In addition, Defendant filed Defendant's Motion to Stay Discovery Pending Adjudication of Potentially Dispositive Issues That Must Be Decided on the Administrative Record, with Memorandum of Law in Support Thereof (Doc. No. 24; Motion to Stay Discovery) on September 10, 2010. Plaintiff opposed the Motion to Stay Discovery, *see* Plaintiff's Response in Opposition to Defendant's Motion to Stay Discovery with Memorandum of Law in Support Thereof (Doc. No. 28), and on February 14, 2011, the Magistrate Judge entered an Order granting, in part, and denying, in part, Defendant's Motion to Stay Discovery. *See* Order (Doc. No. 36; Magistrate Judge's Order). In the Magistrate Judge's Order, the Honorable Thomas E. Morris, United States Magistrate Judge, directed Defendant to provide the administrative record to Plaintiff by February 24, 2011, and ordered that, after Plaintiff reviewed the record, she "may tailor specific requests for appropriate discovery without

duplicating what has already been produced." *See* Magistrate Judge's Order at 4. Defendant filed objections to the Magistrate Judge's Order on March 3, 2011. *See* Defendant's Objections to Magistrate Judge Morris' Order Dated February 14, 2010[sic], with Memorandum of Law in Support Thereof (Doc. No. 45; Objections). Plaintiff filed a response to Defendant's Objections on March 10, 2011.[1] *See* Plaintiff's Response in Opposition to Defendant's Objections to Magistrate Judge Morris' Order Dated February 14, 2010[sic] (Doc. No. 50; Response to Objections).

Following the Magistrate Judge's Order, on February 16, 2011, Plaintiff filed Plaintiff's Motion to Extend Pre–Trial and Trial Deadlines (Doc. No. 37; Motion to Extend) in which she requests a 120–day extension of the pre-trial and trial deadlines "to allow Plaintiff to conduct meaningful discovery prior to the filing of dispositive motions and trial." *See generally* Motion to Extend. Defendant opposes the Motion to Extend. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Extend Pre–Trial and Trial Deadlines (Doc. No. 48), filed March 7, 2011. Before responding to the Motion to Extend, on February 25, 2011, Defendant filed Defendant's Dispositive Motion for Summary Judgment with Statement of Undisputed Material Facts and Memorandum of Law in Support Thereof (Doc. No. 38; Motion for Summary Judgment). In response, Plaintiff filed the instant Motion to Defer in which she requests that the Court defer adjudication of the Motion for Summary Judgment, extend the deadline for Plaintiff to file her response as well as the other

pre-trial deadlines, and direct Defendant to file an answer to the Complaint. *See* Motion to Defer at 21.

## II. Summary of the Arguments

In the Motion, Plaintiff argues that Defendant's Motion for Summary Judgment is premature because, given the procedural history of this case, Plaintiff has not yet been able to conduct any meaningful discovery. *See* Motion to Defer at 10. Specifically, Plaintiff argues that her inability to engage in discovery thus far has deprived her of information regarding Defendant's inherent conflict of interest. *See* Motion to Defer; Ex. 10: Rule 56(d) Affidavit of Maggie M. Smith ¶ 5. Plaintiff adds that Defendant's dispositive motion is also premature in that Defendant has not yet filed an answer to the Complaint due to the pending Motion to Dismiss. *See* Motion to Defer at 10–11. Plaintiff maintains that:

> [u]nless the adjudication and briefing of Defendant's motion for summary judgment is deferred and the pending pretrial and trial deadlines are extended, in essence, Plaintiff will be effectively prevented from engaging in a truly meaningful discovery process that could possibly unearth relevant information to this Court's determination of the weight to be applied to Defendant's conflict of interest.

*See* Motion to Defer at 14.

In its Response, Defendant first contends that it may appropriately seek summary judgment prior to filing an answer to the Complaint, and that it need not file an answer to the Complaint while its partial

---

[1] The Court notes that on March 11, 2011, Plaintiff filed Plaintiff's Notice of Striking Section I of Her Response to Defendant's Objections to Judge Morris' Order Dated February 14, 2011 (Doc. No. 51).

Motion to Dismiss is pending. *See* Response at 2–3. Next, Defendant argues that "discovery is highly unlikely to be of any assistance to [Plaintiff] in opposing the summary judgment motion." *Id.* at 4. Defendant asserts that in accordance with the six-step analysis set forth in *Williams v. BellSouth Telecommunications, Inc.*, 373 F.3d 1132, 1137–38 (11th Cir.2004), the Court will not even consider Defendant's potential conflict of interest "unless and until it first decides that [Defendant's] benefits decision was (a) wrong, and (b) supported by reasonable grounds." *See* Response at 4–5. Defendant maintains that because the first two steps require the Court to review only the administrative record, "discovery of other information or documents from outside the record cannot help [Plaintiff] oppose summary judgment at the initial *de novo* stage." *Id.* at 5–6. As such, Defendant concludes that the Court "should review the summary judgment briefings and perform those inquiries before allowing extensive discovery that in all likelihood would never see the light of day." *Id.* at 9. Notably, Defendant raises the same arguments in its Objections to the Magistrate Judge's Order. *See generally* Objections.

## III. Discussion

### A. Motion to Defer

■ Upon review of the Motion to Defer, as well as the record in this case, the Court finds that Plaintiff has stated good cause to extend the pre-trial and dispositive motion deadlines. The Eleventh Circuit instructs that

> summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.... If the documents or other

discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (internal citations omitted). A review of the procedural history in this case reveals that, due to Defendant's efforts in seeking a stay of discovery, Plaintiff has not yet been able to obtain responses to her discovery requests. Because those materials may be relevant to the issues raised in the Motion for Summary Judgment, as well as to the issues Plaintiff may choose to raise in a cross-motion for summary judgment, an extension of the relevant deadlines is appropriate in this case. *See Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1196 (11th Cir.2010) (noting that discovery as to "how the fiduciary reached its decision," or examining whether an administrator fulfilled his or her fiduciary duties, "falls in line with a de novo review"); *see also Blankenship v. Metro. Life Ins. Co.*, 686 F.Supp.2d 1227, 1233–34 (N.D.Ala.2010) (collecting cases recognizing the relevance of limited discovery to an ERISA analysis).

Defendant opposes Plaintiff's request on the sole basis that, in applying the six-step analysis set forth in *Williams v. BellSouth Telecomm., Inc.*, 373 F.3d 1132, 1137–38 (11th Cir.2004), the Court will not consider Defendant's conflict of interest "unless and until [the Court] first determines that the benefits decision was both wrong and supported by reasonable grounds." *See* Re-

sponse at 7; *see also* Objections at 5. Upon review, the Court finds Defendant's argument to be without merit for two reasons. First, Defendant fails to acknowledge, in its Response, that the Eleventh Circuit has specifically modified the *Williams* methodology with respect to the point in the analysis when a court should consider a plan administrator's conflict of interest. *See Capone v. Aetna Life Ins. Co.,* 592 F.3d 1189, 1196 (11th Cir.2010); *see also Doyle v. Liberty Life Assurance Co. of Boston,* 542 F.3d 1352, 1360 (11th Cir. 2008). While Defendant does recognize the modification of *Williams* in its Objections, it appears Defendant still fails to grasp the import of that modification. *See* Objections at 4–5. Second, the Court sees no reason to consider this case in the piecemeal fashion proposed by Defendants, and finds that doing so would result in a waste of resources.

In *Williams*, the Eleventh Circuit set forth "a six-step process 'for use in judicially reviewing virtually *all* ERISA-plan benefit denials,'" referred to as the *Williams* methodology:

(1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is 'wrong' (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

(2) If the administrator's decision in fact is '*de novo* wrong,' then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is '*de novo* wrong' and he was vested with discretion in reviewing claims, then determine whether 'reasonable' grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict of interest, then apply heightened arbitrary and capricious review to the decision to affirm or deny it.

*White v. Coca–Cola Co.,* 542 F.3d 848, 853–54 (11th Cir.2008) (quoting *Williams v. BellSouth Telecomm., Inc.,* 373 F.3d 1132, 1137–38 (11th Cir.2004)).

However, in *Metropolitan Life Insurance Co. v. Glenn,* 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008) the Supreme Court "implicitly overrule[d] [Eleventh Circuit] precedent to the extent it require[d] district courts to review benefit determinations by a conflicted administrator under the heightened standard." *Doyle v. Liberty Life Assurance Co. of Boston,* 542 F.3d 1352, 1360 (11th Cir.2008); *see also White,* 542 F.3d at 854. In *Glenn,* the Supreme Court addressed how a court should consider a plan administrator's conflict of interest when reviewing a discretionary benefit determination. *See Glenn,* 128 S.Ct. at 2350. The Court instructed that the presence of a conflict of interest does not require "a change in the *standard* of review, say, from deferential to de novo review." *Id.* Indeed, the Court stated that it did not "believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Id.* at 2351. Instead, the Court explained that "conflicts are but one factor among many that a reviewing judge must take into account." *Id.*

■ In light of the *Glenn* decision, the Eleventh Circuit held, in *Doyle*, that "the existence of a conflict of interest should merely be a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious." *Doyle*, 542 F.3d at 1360. Additionally, "while the reviewing court must take into account an administrative conflict when determining whether an administrator's decision was arbitrary and capricious, the burden remains on the plaintiff to show the decision was arbitrary; it is not the defendant's burden to prove its decision was not tainted by self-interest." *Id.* Thus, following *Glenn* and *Doyle*, the *Williams* methodology remains intact, except that the Court considers a conflict of interest as part of the third step, and no longer applies the heightened review previously conducted in the sixth step. *See Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1196 (11th Cir. 2010). Accordingly, Defendant's argument that the Court will not consider any potential conflict of interest "unless and until the Court determines that the challenged benefits decision was both wrong and reasonable" is incorrect. *See* Objections at 5. Instead, pursuant to *Doyle* and *Capone*, if the Court finds that the benefits decision is *de novo* wrong, then the Court will next determine whether reasonable grounds supported the decision (i.e., whether the decision was arbitrary and capricious), at which point the Court *must* take into account the effect of any conflict of interest. *See Doyle*, 542 F.3d at 1360; *Capone*, 592 F.3d at 1195–96. As such, whether Defendant operated under a conflict of interest, and any effect such a conflict had on its benefits determination, is directly relevant

not only to the issues raised in Defendant's Motion for Summary Judgment, *see* Motion for Summary Judgment at 25 ("The Court should therefore rule that [Defendant's] benefits decision was clearly correct, or, at the very least, not arbitrary and capricious."), but also to any cross-motion for summary judgment that Plaintiff may choose to file.

Regardless, the Court finds that bifurcating these proceedings in the manner suggested by Defendant would unnecessarily protract this litigation and waste judicial resources. While the Court recognizes that evidence as to Defendant's conflict of interest will only be relevant if the Court finds Defendant's benefits determination to be de novo wrong, the Court nevertheless declines to consider this case in the piecemeal fashion Defendant proposes. Indeed, Defendant has not presented the Court with any authority to suggest that proceeding in that manner is proper or preferable, and it is this Court's experience that ERISA cases are frequently and efficiently resolved on cross-motions for summary judgment. In this way, the parties and the Court can address the entire modified *Williams* methodology at once. Accordingly, the Court will grant Plaintiff's Motion to Defer to the extent that the Court will modify the pre-trial and trial deadlines.[2] In addition, rather than leaving the premature Motion for Summary Judgment pending, the Court determines that the better course is to deny the Motion without prejudice to Defendant renewing it after a reasonable opportunity for discovery.

**B. Objections**

■ Defendant objects to the Magistrate Judge's Order pursuant to Rule

---

**2.** The Court notes that Plaintiff also requests that the Court direct Defendant to file an answer to the Complaint, despite the pending Motion to Dismiss. *See* Motion to Defer at

21. Because the Court will extend the pre-trial and trial deadlines in this case, the Court does not find that this additional relief is warranted at this time.

72(a), Federal Rules of Civil Procedure (Rule(s)). *See* Objections at 1. Under Rule 72(a), a defendant may object to a nondispositive order entered by a magistrate judge, but in order to prevail, it must establish that the order is clearly erroneous or contrary to law. *See Slater v. Progress Energy Serv. Co., LLC,* No. 8:09–cv–208–T–24–EAJ, 2010 WL 1408431, at *2 (M.D.Fla. Apr. 6, 2010). As previously noted, Defendant raises the same arguments in his Objections as he asserts in the Response. Thus, for the aforementioned reasons, the Court finds that the Objections must be overruled as Defendant has not shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.[3] Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Defer Adjudication of Defendant's Motion for Summary Judgment, to Compel Defendant to Answer Plaintiff's Complaint, Renew Her Motion to Extend Pre–Trial and Trial Deadlines, and Request for Expedited Review (Doc. No. 44) is **GRANTED, in part, and DENIED, in part.**

   A. The Motion to Defer is **GRANTED** to the extent that the Court will enter an amended case management scheduling order.

   B. In all other respects, the Motion is **DENIED.**

2. Defendant's Objections to Magistrate Judge Morris' Order Dated February 14, 2010, with Memorandum of Law in Support Thereof (Doc. No. 45)

are **OVERRULED,** and the Magistrate Judge's Order (Doc. No. 36) is **AFFIRMED.**

3. Plaintiff's Motion to Extend Pre–Trial and Trial Deadlines (Doc. No. 37) is **DENIED as moot.**

4. Defendant's Dispositive Motion for Summary Judgment with Statement of Undisputed Material Facts and Memorandum of Law in Support Thereof (Doc. No. 38) is **DENIED without prejudice** to Defendant renewing the motion after a reasonable period for discovery.

---

**3.** The Court notes that in her Response to Objections, Plaintiff requests an award of the attorney's fees and costs she expended in responding to Defendant's Objections. *See* Response to Objections at 11–12. Pursuant to Rule 7(b), it is not appropriate to seek an order for affirmative relief in a response to a motion. *See* Rule 7(b) ("A request for a court order must be made by motion."). Thus, the Court will not consider Plaintiff's request for fees.